UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

GLD3, LLC and SNOOK-9 REALTY, INC.,
Plaintiffs,

v.

AZEM ALBRA, Town Supervisor and Town Board Member of the Town of Fishkill in his official capacity, JACQUELINE BARDINI, as a Town Board Member of the Town of Fishkill in her official capacity, JOSEPH BUONO, as a Town Board Member of the Town of Fishkill in his official capacity, LOUISE DANIELLE, as a Town Board Member of the Town Of Fishkill in her official capacity, KENYA GADSDEN, as a Town Board Member of the Town of Fishkill in her official capacity, the TOWN BOARD OF THE TOWN OF FISHKILL, the TOWN OF FISHKILL, and DOES 1-20,
Defendants.

---------------------------------------------------------------x

**<u>OPINION AND ORDER</u>**

21 CV 11058 (VB)

<u>Briccetti, J.</u>:

Before the Court is plaintiffs' motion for reconsideration (Doc. #125) of the Court's Opinion and Order dated July 13, 2026 (Doc. #123) ("Opinion"), in which the Court, among other things, granted defendants' motion for summary judgment on plaintiffs' substantive and procedural due process claims.

For the reasons set forth below, the motion is DENIED.

The parties' familiarity with the factual and procedural background of this case is presumed.

## DISCUSSION

I. <u>Legal Standard</u>

"To prevail on a motion for reconsideration, the movant must demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice." Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001).[1] Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also S.D.N.Y. Local Civ. R. 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not . . . advance new facts, issues, or arguments not previously presented to the [c]ourt." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." In re Platinum-Beechwood Litig., 2019 WL 3759171, at *2 (S.D.N.Y. July 23, 2019).

## II. Analysis

Plaintiffs move for reconsideration with respect to the Court's granting of summary judgment on (i) their substantive and procedural due process claims premised on the water and sewer extensions, and (ii) their procedural due process claims premised on the Zoning Laws.

### A. Water and Sewer District Extensions

Plaintiffs argue they are entitled to reconsideration on the substantive and procedural due process claims premised on the denial of the water and sewer petitions because the Court failed

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

to consider the state court's determination in the Article 78 proceeding that the denial of the extensions was arbitrary and capricious, which, according to plaintiffs, demonstrates the petitions would have been granted absent a due process violation, such that they had a property interest.

Plaintiffs are mistaken. Irrespective of the procedural history of the case—which the Court in fact took into consideration when issuing its ultimate holding—the inquiry turns only on whether plaintiffs have a valid property interest in the granting of the application. Second Circuit precedent is clear that the plaintiffs do not have a property interest sufficient to support their due process claims, and plaintiffs fail to show otherwise.

In the Opinion, the Court held plaintiffs did not have a property interest in the extension of the water and sewer districts because in Clubside, Inc. v. Valentin, 468 F.3d 144 (2nd Cir. 2006), the Second Circuit held a developer does not have a constitutionally protected property interest in an application for extension of a water or sewer district under New York Town Law Section 194. Id. at 157.

Plaintiffs did not discuss Clubside in their original briefing and fail to distinguish the case now. Plaintiffs for the first time argue Clubside is distinguishable because, unlike the developer in that case, they obtained an Article 78 judgment annulling the denial of the petitions because the Town Board's decision was arbitrary and capricious and not supported by substantial evidence.

In making this argument, plaintiffs overlook both the facts of Clubside and the Circuit's analysis of how an Article 78 judgment bears on whether an applicant can claim a property interest. In Clubside, similar to this case, the town board of Wallkill voted unanimously against extending water and sewer districts without reason or explanation. See Clubside, Inc. v. Valentin, 468 F.3d at 149. In the subsequent Article 78 proceeding, the state court found the

town board's decision was arbitrary and capricious. "The court found that the public-hearing record was 'devoid of any basis for [the Board] to have concluded, as it did without explanation, that it was not in the public interest to grant petitioner's application. Indeed, the record reflects that the public interest would not be adversely affected by the extension requested." Id. at 149–50 (citing Clubside, Inc. v. Town Bd., Town of Wallkill, Ind. No. 6862-00, slip op. at 2 (N.Y. Sup. Ct. Mar. 30, 2001)). Rather, the Article 78 court found it was based on "rank speculation intended to restrict or minimize development." Id. at 150. The Appellate Division affirmed, observing that "the grounds for the denial were the unsubstantiated fears of the individual members of the Town Board." Clubside, Inc. v. Town Bd. of Wallkill, 297 A.D.2d 734, 735 (2d Dep't 2002).

The fact pattern here is identical to Clubside. Plaintiffs completely ignore "[t]he fact that an Article 78 court has ordered a town board to grant a particular application after it concluded that the board acted arbitrarily in denying the application does not necessarily mean that the applicant had a property interest in the permit prior to the Article 78 proceeding." Clubside, Inc. v. Valentin, 468 F.3d at 157. This is because Section 194 of the New York Town Law vests a town board with broad discretion to determine whether an extension is in the public interest. Contrary to plaintiffs' assertions, that discretion is not confined to capacity and feasibility. Rather, the key inquiry is whether the rulings in the Article 78 proceeding establish that, prior to proceeding, the Town Board lacked discretion to deny the petition. Id. at 157. In other words, the inquiry "must focus primarily on the degree of discretion enjoyed by the issuing authority, not the estimated probability that the authority will act favorably in a particular case." RRI Realty Corp. v. Inc. Vill. of Southampton, 870 F.2d 911, 918 (2d Cir. 1989).

The Article 78 judgment here establishes the Town Board had discretion to evaluate the

extensions and that it exercised that discretion improperly. That improper exercise of discretion has since been corrected in the state court proceeding. Under Clubside—and as held in the Opinion—plaintiffs cannot establish a protectable property interest to make out a substantive due process claim, and their attempts to distinguish Clubside are unavailing.[2]

B. Zoning Laws

Plaintiffs argue the Court erroneously granted summary judgment on plaintiffs' procedural due process claim premised on the Zoning Laws.

The Court disagrees.

Plaintiffs argue the Court failed to consider the Zoning Laws in the context of defendants' broader scheme. According to plaintiffs, the Court ignored evidence of bias and animus and needed to consider the attempt to impose additional zoning obligations, to rename street names, and to designate the burial area, not as individual administrative decisions, but as part of a larger scheme to deprive plaintiffs of their property rights. (Doc. #126 at 8). Plaintiffs already made this argument practically verbatim, which the Court rejected. (See Doc. #110 at 9–12; Opinion at 19–21). A motion for reconsideration is not a chance for a party to take a "second bite at the apple." Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008).

Moreover, plaintiffs once again fail to provide a meaningful explanation as to why the Article 78 proceeding was insufficient to satisfy due process. As the Court previously pointed out, "[i]n the land-use context, courts in this Circuit have repeatedly held that the availability of an Article 78 proceeding in state court is a post-deprivation remedy that satisfies procedural due

[2] Plaintiffs also argue the Court's reading of Clubside "goes too far" because it would mean "there can never be a substantive and/or procedural due process violation" because "a town board possesses some discretion in evaluating such applications." (Doc. #128 at 3). The Court is not persuaded by plaintiffs' slippery-slope interpretation of Clubside.

process." Ariz. Hudson Valley LLC v. Allen, 2023 WL 3936640, at *5 (N.D.N.Y. June 9, 2023); (Opinion at 20). Simply arguing that the process was costly and stalled development is inadequate to show the Article 78 hearing was not a meaningful post-deprivation remedy.

Plaintiffs are correct that procedural due process violations may be found when a plaintiff was "denied a permit and use of their property not because of a good faith mistake . . . but because of indefensible reasons such as impermissible political animus." Brady v. Town of Colchester, 863 F.2d 205, 216 (2d Cir. 1988). However, in Brady v. Town of Colchester, the case on which plaintiffs rely, the court did not deal with how the availability of an Article 78 proceeding, let alone one in which plaintiffs got their requested relief, impacts the analysis.

Further, plaintiffs argue the Court is deciding issues of intent, which is inappropriate at summary judgment. (Doc. #126 at 8–10). This is not the case. Rather, the Court has made a conclusion of law based on a threshold question, which does not require an evaluation of intent.

Accordingly, plaintiffs' motion for reconsideration of its procedural due process claim premised on the Zoning Laws must be denied.

**CONCLUSION**

The motion for reconsideration is DENIED.

The Clerk is directed to terminate the motion. (Doc. #125).

Dated: October 7, 2026
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge